### Circuit Court of Lucas County.

THE STATE OF OHIO, EX REL ORLEANO G. BARNES V. ED. L. KIMES, CLERK.

#### Decided, January 18, 1908.

*Amendment of Motion for Vacation of Verdict—Jurisdiction—Error—
  Mandamus—Sections 5307 and 5308.*

1. Mandamus will not lie to compel a clerk of court to enter judgment on a verdict in favor of the plaintiff during the pendency of a motion by the defendant to vacate the verdict.
2. A motion asking that a verdict "be vacated," but not in terms asking for a new trial, may, at the same term, although more than three days after the rendition of the verdict, be amended, by leave of court, by the insertion of the words, "and for a new trial."

*C. A. Thatcher,* for plaintiff.
*Marshall & Fraser* and *King & Tracy,* contra.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

The facts involved in this proceeding for a mandamus are, briefly, as follows: An action was brought July 25th, 1906, by

Orleano G. Barnes against the Toledo & Interurban R. R. Co., for damages caused by personal injury, received, as claimed, through the negligence of that company. A verdict for the plaintiff was rendered at the January term, 1907, which was subsequently set aside, upon the ground that the damages were excessive, disclosing prejudice. Subsequently the case was again tried and another verdict obtained by the plaintiff for the sum of $7,200. A motion was filed which asked that this verdict be "vacated," but not in terms asking for a new trial.

The statute first to be considered is Section 5305, of the Revised Statutes, providing, after a definition of the term "new trial," that "the former verdict, report or decision, shall be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes affecting materially the substantial rights of such party." It is contended by the relator that this was not a motion for a new trial and could not be considered by the court as such.

At the same term, on the 23d day of December, 1907, the court by order allowed an amendment of this motion, inserting the words "and for a new trial." It is claimed by counsel for the relator that the court had no jurisdiction or power to do this; and also that the time having passed for the filing of a proper motion for a new trial, it was the duty of the clerk, under another section of the statute, to enter a judgment upon the verdict.

Now it is to be noted that the court has but one duty to do under the statute, if it vacates a verdict—unless, of course, some further proceedings are taken by the parties prior to the judgment, as a settlement for instance, or dismissal of the action.

Section 5307 of the code provides that: "The application for a new trial must be made at the term the verdict, report, or decision is rendered." And Section 5308: "The application must be made by motion, upon written grounds, filed at the time of making the motion."

Nothing has been said in discussion, that I recall, placing any emphasis upon the fact that in this section it is not provided that the motion for a new trial must be in writing. The stat-

ute does not say that the motion or application must be in writing, but that the application must be made by motion, *upon written grounds;* in other words, the grounds or facts upon which the party bases such an application must be presented to the court in writing, to apprise the court and the opposite party of the reasons upon which the application is made; but I am not aware of any provision of the statutes requiring that the application itself shall be in writing. However this may be, there was evidently an attempt here by the party against whom the verdict was obtained to invoke the jurisdiction of the court to set aside the finding of the jury. There is no prescribed form anywhere in the statutes for a motion for a new trial. It is the substance of things and not the superficial form that should determine such controversies, and if there is any irregularity in the form of a motion, it should under another provision of the code be disregarded, unless it cause some prejudice to the person or party against whom the motion is addressed. Every error and irregularity is to be disregarded unless it be a material and substantial one, and unless it inures to the prejudice of the party who complains of it.

We think, then, that the court had a right to permit an amendment of the motion by insertion of the words "and for a new trial," although we doubt much whether an amendment was necessary. This brings us to the question whether the court had jurisdiction to pass upon the motion. The plaintiff below filed a motion to direct the clerk to enter judgment on the verdict, and on another motion by the defendant this motion of the plaintiff was stricken from the files. No error proceeding has been brought to this court to reverse that action of the court, although it is claimed by counsel, upon one side at least, that the order of the court striking from the files the motion for a direction to the clerk to enter judgment, was such a final order as might be made the basis of a proceeding in error. It is not necessary for us to determine whether or not this is so.

The court upon vacating the verdict granted a new trial. It is claimed here again, that the court had no jurisdiction to do this because of the fact that the verdict rendered at the first

trial had been set aside by the court upon the ground, as here insisted, that it was against the evidence, and that the statute does not permit the vacation of a judgment and the granting of a new trial twice for that cause.

On the other side it is claimed that the two orders of the court for new trials were not of the same character; that the first was not the setting aside of a verdict upon the ground that it was against the evidence, but rather, that the verdict for excessive damages was a violation of another clause of the statute as to new trials, "excessive damages, indicating passion or prejudice." We think as to this point that it is not necessary in this proceeding to determine the question. We do not think that the question whether or not the court had power to grant a second new trial upon the cause assigned, was jurisdictional. The court had jurisdiction to pass upon the motion and either grant it or refuse it. The court having the jurisdictional power to make the order one way or the other, the party had the right to except and protect himself by proceedings in error at the proper time. It is true he might not be able to go to the higher court immediately from the court of common pleas upon the granting of a new trial even if such granting was erroneous, but he could preserve his rights, and it might not be necessary for him to go any higher, because upon another trial both verdict and judgment might be in his favor.

The relator is here asking for a writ of mandamus to compel the clerk of the court, Mr. Kimes, to enter judgment upon the verdict as rendered at the September term. We hold that he is not entitled to the writ. It was not the duty of the clerk during the pendency of a motion addressed to the judge asking for a vacation of the verdict, to enter judgment upon it. The statute should not be so narrowly and technically construed as urged by counsel.

The writ sought is refused and the petition dismissed at the costs of the relator.